IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SEAN DUBECK,<br><br>Plaintiff,<br><br>vs.<br><br>MARION LAW OFFICES, and WILLIAM H. MARION,<br><br>Defendants. | 8:20-CV-149<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

Sean Dubeck sued Marion Law Offices ("Marion Law") and William H. Marion for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Nebraska's Consumer Protection Act, Neb. Rev. Stat. § 59-1601, et seq. ("CPA"). Before the Court are Defendants' Motion for Summary Judgment, Filing 26, and Plaintiff's Motion for Partial Summary Judgment as to liability, Filing 27. For the reasons stated herein, the Court grants Defendants' motion and denies Plaintiff's motion.

## II. BACKGROUND

Plaintiff Dubeck, a resident of Omaha, Nebraska, hired Bill-Mar Lawn & Landscape ("Bill-Mar) to mow his yard in 2019. Filing 1 at 1, 3; Filing 28-4 at 12. Defendant Marion, a solo practitioner at defendant Marion Law for eight years, is the owner of Bill-Mar. Filing 28-4 at 11-13, 58-59; Filing 26-1 at 1. Dubeck claims that, despite informing Bill-Mar that he no longer

1

required its services, Bill-Mar continued to mow his lawn. Filing 1 at 3. On December 12, 2019, Bill-Mar sent Dubeck a bill for lawn services. Filing 1-1 at 1. The bill stated that Dubeck owed $200 for the services rendered plus $700 in past-due payments. Filing 1-1 at 1. A handwritten message on the bottom of the bill read, "Please call as all past due are to go to collection on 12/27/19." Filing 1-1 at 1.

Dubeck later received a letter, dated December 26, 2019, on Marion Law letterhead. Filing 1-2 at 1. The letter included Marion's typed name but not his signature. Filing 1-2 at 1. It stated, "Your account has been assigned to this office to assist BILL-MAR Lawn & Landscaping in collecting an outstanding balance of $900.00. Please contact this office immediately upon receipt or a civil complaint will be filed on your persons seeking costs, interest, and attorney fees." Filing 1-2 at 1. At the bottom of the letter was a message reading, "We are a debt collection law firm and this is an attempt to collect a debt." Filing 1-2 at 1.

On April 20, 2020, Dubeck sued Marion and Marion Law for violations of the FDCPA and Nebraska's CPA. Filing 1-1. Following discovery, on June 16, 2021, Marion and Marion Law filed their motion for summary judgment, Filing 26, while Dubeck cross-moved for partial summary judgment on the issue of liability. Filing 27.

### III. ANALYSIS

#### A. Standard of Review

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is not disfavored and is designed for every action." *Briscoe v. Cnty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012)

(internal quotation marks omitted) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)). Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), *except* the mere pleadings themselves." *Se. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The moving party need not produce evidence showing "an absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015) (citing *Celotex*, 477 U.S. at 323). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

In response to the moving party's showing, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "[T]here must be more than 'the mere existence of *some* alleged factual dispute'" between the parties in order to overcome summary judgment. *Dick v.*

*Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

### B. Liability Under the Federal Debt Collection Practices Act

Dubeck argues that Marion and Marion Law are debt collectors and that the letter he received from Marion Law violated the FDCPA. Filing 1 at 1-6. Specifically, he argues that Marion and Marion Law "used false representation [sic] or deceptive means to collect or attempt to collect [a] debt," failed to provide a proper Debt Validation, "contradicted and overshadowed the validation notice," and made "a threat to take legal action that was not intended to be taken." Filing 1 at 5-6. In response, Marion and Marion Law assert they cannot be held liable under the FDCPA because they are not "debt collectors," and that, even if they are debt collectors, nothing they did violated the FDCPA. Filing 26-3 at 3-5; Filing 29 at 3-6. The Court concludes that because Marion and Marion Law do not regularly collect debts owed to another, they are not debt collectors and the FDCPA does not apply. Thus, as a matter of law, Marion and Marion Law are entitled to summary judgment and Dubeck's cross-motion for summary judgment on the issue of liability must be denied.

To maintain an action under the FDCPA, a plaintiff must show that (1) the plaintiff is a consumer, (2) the defendant sought payment of a debt, (3) the defendant is a "debt collector" as defined by the statute, and (4) a violation by the defendant of a provision of the FDCPA. *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1001 (8th Cir. 2011). The FDCPA defines "debt collector" as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another."[1] 15 U.S.C. § 1692a(6). The definition includes several

---

[1] The statute's definition also includes any person "in any business the principal purpose of which is the collection of any debts." 15 U.S.C. § 1692a(6).

4

exceptions, including a creditor's employees, a person serving legal process, and certain nonprofit organizations. *Id.* § 1692a(6)(A)-(F).

The Eighth Circuit has not yet ruled on what constitutes regularly collecting debts under the FDCPA, although it is clear that attorneys can fall within the statute if they "'regularly' engage in consumer-debt-collection activity." *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995). Thus, this Court must determine for itself the statute's meaning, "afford[ing] the law's terms their ordinary meaning at the time Congress adopted them." *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1480 (2021).

In determining if a law firm falls under the FDCPA, other courts in this circuit have considered what percentage of a law firm's overall work includes debt collection, how much its total revenue constitutes debt collection, and the time and resources it expends on collecting debts. *See, e.g.*, *Wells v. LF Noll, Inc.*, No. 18-CV-2079-CJW-KEM, 2019 WL 5596409, at *8 (N.D. Iowa Oct. 30, 2019) (finding that entity was a debt collector when about six percent of its revenue derived from debt collection); *Lynch v. Custom Welding & Repair, Inc.*, 142 F. Supp. 3d 814, 822 (N.D. Iowa 2015) (finding that entity was not a debt collector when debt collection was less than one percent of its business); *Alexander v. Omega Mgmt., Inc.*, 67 F. Supp. 2d 1052, 1055 (D. Minn. 1999) (finding that entity was not a debt collector when less than three percent of its total operations were devoted to collecting debts).

Other Circuits have considered similar factors in assessing whether an entity is a "debt collector" for purposes of the FDCPA. The Sixth Circuit has stated, "The term 'regularly' means '[a]t fixed and certain intervals, regular in point of time. In accordance with some consistent or periodical rule of practice.'" *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir. 1999) (quoting *Regularly*, Black's Law Dictionary 1286 (6th ed.1990)); *see also Regularly*, Oxford English

5

Dictionary (2d ed. 1989), https://www.oed.com/oed2/00201386 (last visited Sept. 2, 2021) (defining "Regularly" as "without interruption of recurrence; constantly."). Likewise, "regular" means "[u]sual, customary, normal or general" and is antonymous to "casual" or "occasional." *Id.* (quoting *Regular*, Black's Law Dictionary 1285 (6th ed. 1990)). Accordingly, "[t]hese definitions suggest that an individual or entity must have more than an 'occasional' involvement with debt collection activities to qualify as a 'debt collector' under the FDCPA." *Id.*

The Second Circuit uses several similar factors to determine if a law firm or attorney is "regularly" engaging in debt collection activity. *See Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 62–63 (2d Cir. 2004). Courts in that circuit look to:

> (1) the absolute number of debt collection communications issued, and/or collection-related litigation matters pursued, over the relevant period(s), (2) the frequency of such communications and/or litigation activity, including whether any patterns of such activity are discernable, (3) whether the entity has personnel specifically assigned to work on debt collection activity, (4) whether the entity has systems or contractors in place to facilitate such activity, and (5) whether the activity is undertaken in connection with ongoing client relationships with entities that have retained the lawyer or firm to assist in the collection of outstanding consumer debt obligations.

*Id.*

Taking into consideration these and other similar factors, the undisputed evidence demonstrates Marion and Marion Law are not regularly engaged in debt collecting for purposes of the FDCPA. During his deposition, Marion testified about the process he uses to verify debts. Filing 28-4 at 24-25. He first reviews the invoices online, and then contacts Bill-Mar to determine if payment has been made, if Bill-Mar has attempted to collect the balance, and if Bill-Mar actually performed the work being billed. Filing 28-4 at 24-25. After contacting Bill-Mar, Marion determines if the balance should be turned over to the debt collector Bill-Mar primarily uses or be assigned to Marion Law. Filing 28-4 at 19, 26.

In the past ten years, Marion has sent approximately eight debt collection letters, all of which were on Bill-Mar's behalf and nearly identical to the letter at issue in this case. Filing 28-4 at 27-28, 51-52; Filing 26-1 at 1-2. Additionally, since 2014, Marion Law has represented Bill-Mar in eight lawsuits concerning breach-of-contract claims. Filing 28-8 at 1-35. Marion only practices law part-time for about four to eight hours per week. Filing 28-4 at 26-27. His practice primarily consists of family and criminal law. Filing 28-4 at 27-28. During the relevant period, Marion Law had one part-time employee who assisted Marion in a variety of matters outside its debt-collection activities. Filing 28-4 at 26-30. According to Marion, since 2012, debt collection cases have made up 2.9% of Marion Law's work out of 244 total cases. Filing 26-1 at 2.

Under these facts, the Court concludes as a matter of law that Marion and Marion Law are not debt collectors under the FDCPA. Far from being engaged in consistent, customary, or constant debt collection, the facts show that Marion and Marion Law only occasionally engage in debt-collection activity. Marion Law has no employees dedicated to debt collection, *see Goldstein*, 374 F.3d at 62-63 (explaining that one factor is if there are personnel dedicated to debt collection); Marion and Marion Law only collect debts on behalf of Bill-Mar, *see Schroyer*, 197 F.3d at 1176 (observing that law firm held not to be a debt collector did not represent clients who were primarily engaged in debt collection); and, significantly, Marion and Marion Law have only sent out approximately eight debt collection letters in the past ten years. Less than one letter per year does not constitute regular activity. *See James v. Wadas*, 724 F.3d 1312, 1318-19 (10th Cir. 2013) (holding that being involved in eight debt collection cases over the course of a decade was "minimal," and, therefore, attorney was not a debt collector).

Dubeck points out that Marion Law has represented Bill-Mar specifically in eight cases since 2014, Filing 28 at 12, but this does not aid his claim. In light of the 244 cases Marion law

7

has handled in the past eight years, the eight debt-collection actions are a minimal and infrequent portion of Marion's caseload and thus cannot be considered regular debt-collecting activity. *Compare Mertes v. Devitt*, 734 F. Supp. 872, 874 (W.D. Wis. 1990) (finding that attorney who averaged less than two collection cases per year was not a debt collector), *with Garrett v. Derbes*, 110 F.3d 317, 318 (5th Cir. 1997) (holding that attorney who attempted to collect debts from 639 people in nine-month period was a debt collector).

Dubeck asserts that because Marion and Marion Law represented themselves as "a debt collection law firm" on the letter he received they must be debt collectors under the FDCPA. Filing 28 at 11. But the FDCPA's definition of debt collector hinges on the totality of an entity's activities, not its representations. *See Shroyer*, 197 F.3d at 1176 (holding that to find that a law firm or lawyer is a debt collector, "a plaintiff must show that the attorney or law firm collects debts as a matter of course for its clients or for some clients, or collects debts as a substantial, but not principal, part of his or its general law practice"). The question the FDCPA poses is whether Marion and Marion Law "regularly" collect debts owed to another. Under the undisputed facts, the answer is no. Marion and Marion Law are thus entitled to summary judgment on Dubeck's FDCPA claim and Dubeck's motion for summary judgment on the same issue must be denied.

### C. Liability Under the Nebraska CPA

Dubeck also brings a claim under the Nebraska CPA. Neb. Rev. Stat. § 59-1601, et seq. Filing 28 at 21. Section 59-1602 states, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful." Neb. Rev. Stat. § 59-1602. Dubeck claims that the collection letter he received from Marion and Marion Law "unfairly and deceptively allege[s] the right to collect unlawful fees and interest on behalf of Bill-Mar and

8

demand immediate response or a lawsuit will be filed despite having any evidence that ongoing and reoccurring services were ever even requested." Filing 28 at 22.

The CPA states that any deceptive practices must "directly or indirectly affect[] the people of the State of Nebraska" in order to be prohibited. Neb. Rev. Stat. § 59-1601(2). Dubeck fails to show that the alleged unfair or deceptive act had "an impact on the public interest." *Nelson v. Lusterstone Surfacing Co.*, 605 N.W.2d 136, 141–42 (Neb. 2000). The Nebraska Supreme Court has emphasized that "[t]he [CPA] is not available to redress a private wrong where the public interest is unaffected." *Id.* at 142. In so construing the statute, the Nebraska Supreme Court cited favorably to a South Carolina Supreme Court case interpreting a similarly worded state statute to "prevent [the] act's application to [an] unfair or deceptive act or practice that affected only parties to [a] transaction" *Id.* at 141 (citing *Noack Enters., Inc. v. Country Corner Interiors of Hilton Head Island, Inc.*, 351 S.E.2d 347, 348 (S.C. Ct. App. 1986)).

This case, involving a nine-hundred-dollar debt for lawncare services, does not affect the public. *See id.* at 141-42 (holding that transferring an allegedly damaged jeep from one person to another does not affect the public and thus does not violate the CPA). The only party affected by Marion's and Marion Law's letter is Dubeck. As an "isolated transaction[] between individuals that do[es] not have an impact on consumers at large," *id.* at 142, Dubeck's claim does not constitute an unfair or deceptive practice that affects the public as a matter of law. Marion and Marion Law's motion for summary judgment on Dubeck's CPA claim is therefore granted.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion for Summary Judgment on Counts I and II of plaintiff Sean Dubeck's Complaint and denies Dubeck's motion for partial summary judgment. Accordingly,

9

IT IS ORDERED:

1. The Clerk is ordered to terminate Filing 28 as it is a brief that was incorrectly filed as a motion;

2. Defendants' Motion for Summary Judgment, Filing 26, is granted;

3. Plaintiff Sean Dubeck's Motion for Partial Summary Judgment, Filing 27, is denied;

3. Plaintiff Sean Dubeck's Complaint, Filing 1, is dismissed; and

4. The Court will enter a separate judgment.

Dated this 24th day of September, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge